[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#101)
The plaintiffs, Robert K. Lippmann and Robert Lippmann originally filed this medical malpractice action against the defendant Dr. Evan Rashkoff in the United States District Court for the Southern District of New York in September of 1991. On January 2, 1992, the District Court dismissed the plaintiffs' action for lack of personal jurisdiction. The plaintiffs subsequently refiled this action in Connecticut on July 15, 1992. The plaintiffs filed their Connecticut action after the expiration of Connecticut's two year statute of limitations. The plaintiffs claim that they may refile this lawsuit under Connecticut's Accidental Failure of Suit Statute.
The defendant has moved to dismiss this action claiming that the Accidental Failure of Suit Statute, 52-592, does not apply to the plaintiffs' lawsuit since the action was first filed in Federal Court in New York.
Connecticut General Statutes 52-592(d) provides as follows:
 (d) The provisions of this section shall apply to any defendant who files a cross complaint in any action, and to any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the CT Page 8945 dismissal, from the final determination of the appeal or writ of error. (Emphasis added).
Thus, the plain language of the statute limits its effect to actions brought originally in Connecticut state courts or federal courts for the district of Connecticut. Therefore, this action, which was originally brought in Federal Court in New York, cannot be saved by52-592.
Accordingly, the motion to dismiss is granted.
PICKETT, J.